**EXHIBIT F**



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 21, 2020

**VIA U.S. MAIL**

Anthony D. Gulluni
District Attorney
Hampden District
50 State Street
Springfield, MA 01102

    RE:    *Touhy Request – Investigation of the Springfield, MA Police Department's Narcotics Bureau, DOJ Report dated July 8, 2020*

Dear District Attorney Gulluni:

This letter will serve as the formal response of the United States Attorney's Office for the District of Massachusetts ("USAO") to your correspondence dated August 19, 2020 and September 14, 2020 (the "*Touhy* Request"). The letters, submitted pursuant to the Department of Justice's ("DOJ") *Touhy* regulations, codified at 28 C.F.R. Part 16 Subpart B (§§ 16.21-16.29), seeks production of "Springfield Police Department officers' false or falsified reports," as referenced in the DOJ's July 8, 2020 report (the "Report").

You requested that these documents be produced by September 30. We requested an extension, to which you kindly agreed. For the reasons that follow in this final agency decision, the USAO is unable to authorize disclosure of the materials sought in the *Touhy* Request.

**Applicable Regulations and Standards**

As you are aware, the DOJ has promulgated regulations governing its response to a third-party request for the production of documents and information. *See* 28 C.F.R. §§ 16.21-16.29 ("*Touhy* regulations"). Specifically, in matters such as this where there is no proceeding and, therefore, the United States is not a party, the *Touhy* regulations prohibit current and former employees from disclosing "any material contained in the files of the Department" and "any information relating to or based upon material contained in the files of the Department," unless prior approval has been obtained from the proper Department official. 28 C.F.R. § 16.22(a). Section 16.22(d) further requires that a *Touhy* request for documents include "a summary of the information sought and its relevance to the proceeding."

District Attorney Anthony D. Gulluni
October 21, 2020
Page 2

The statutory authority for these regulations is found in the Federal Housekeeping Act, 5 U.S.C. § 301, which authorizes the head of every Executive Branch agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property." *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Courts have recognized that an agency's *Touhy* regulations such as those promulgated by the Department of Justice serve the legitimate purpose of "conserve[ing] government resources when the United States is not a party to a lawsuit and to minimize government involvement in controversial matters unrelated to official business." *Demers v. Buonanno*, C.A. No. 12-676ML, 2012 WL 5930223, at *3 (D. Rhode Island Nov. 2, 2012) (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 73 (4th Cir. 1989)); *F.A.C., Inc. v. Cooperativa De Seguros De Vida*, 188 F.R.D. 181, 185 (D. Puerto Rico July 21, 1999) (same) (citing *Reynolds Metals Co. v. Crowther*, 572 F. Supp. 288, 290 (D. Mass. 1982)). Such regulations also serve to "centraliz[e] determinations [within the agency] as to whether subpoenas . . . will be willingly obeyed or challenged," thereby avoiding "the possibilities of harm from unrestricted disclosure in court." *Touhy*, 340 U.S. at 468.

The validity of these regulations has been consistently upheld by the United States Supreme Court and courts in numerous jurisdictions. *See, e.g., Touhy*, 340 U.S. at 468 (upholding the FBI's refusal to produce documents sought in a subpoena); *Hasie v. Office of the Comptroller of the Currency of the United States*, 633 F.3d 361 (5th Cir. 2011); *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007); *In re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997); *Edwards v. United States Dept. of Justice*, 43 F.3d 312, 316-317 (7th Cir. 1994); *Solomon v. Nassau County*, 274 F.R.D. 455, 457 (E.D.N.Y. 2011). In fact, agency housekeeping regulations are accorded the full force and effect of federal law, and a court lacks the authority to compel compliance with a subpoena or other request where such compliance is not authorized pursuant to such regulations. *See Touhy*, 340 U.S. at 468.

The submitted *Touhy* Request appears to have complied with the procedural requirements of 28 C.F.R. § 16.22 for seeking the approval of the relevant Department official for the documents sought and, pursuant to § 16.24, the USAO is tasked with responding to the *Touhy* Request. Production generally is authorized only if the request comports with § 16.26(a) and if none of the factors specified in § 16.26(b) exists with respect to the requested disclosure. 28 C.F.R. § 16.24.

Section 16.26(a) directs Department officials to consider whether the disclosure "is appropriate under the rules of procedure governing the case or matter in which the demand arose," as well as whether it "is appropriate under the relevant substantive law of privilege." Section 16.26(b), in turn, precludes disclosure where any of six enumerated factors exist. Such factors include where "[d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26.

**The Touhy Request At Issue**

The *Touhy* Request seeks three categories of documents from the USAO:

District Attorney Anthony D. Gulluni
October 21, 2020
Page 3

(1) A copy of all Springfield Police Department reports, including, but not limited to incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a "prisoner injury file" (as described in the Report, at 7), determined as examples where Narcotics Bureau officers falsified reports to disguise or hide their use of force[;]";

(2) A copy of all Springfield Police Department reports, including, but not limited to incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a "prisoner injury file" (as described in the Report, at 7), determined as " . . . a pattern or practice . . . [where] officers made false reports that were inconsistent with other available evidence, including video and photographs . . .", and

(3) A copy of all photographs or video/digital material determined as inconsistent with any Springfield Police Department officers' reports, including, but not limited to incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a "prisoner injury file" (as described in the Report, at 7).

In response, pursuant to 28 C.F.R. § 16.26(a)(2) and (b)(5), the USAO declines to authorize production of these documents.

1. The Requested Information Is Privileged

The *Touhy* Request seeks "all Springfield Police Department Reports . . . *determined* as examples where Narcotics Bureau officers falsified reports" and photographs and videos "*determined* as inconsistent with any Springfield Police Department officers' reports." *Touhy* Request, Aug. 19, 2020, at 4-5 (emphasis added). The documents sought are subject to the work product and law enforcement privileges and are not appropriate for disclosure under 28 C.F.R. § 16.26(a)(2) and (b)(5).

A request for privileged information is beyond the scope of matters that can be released under 28 C.F.R. § 16.26(b). Disclosure is not appropriate for any information that would violate a statute, regulation, court order, such as a sealing order, or rule of procedure, such as the grand jury secrecy rule (Fed. R. Crim. P. 6(e)), or any privileged or classified information. Privileged information includes, but is not limited to, the following:

a. Disclosures that would reveal the internal deliberation process within the Department of Justice, including the FBI, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the U.S. Attorney's Office, and other agencies;

b. Privileged attorney-client communications;

c. Disclosures that would reveal attorney work product;

d. Disclosures of information that would threaten or endanger the lives or safety of any individual; and

3

District Attorney Anthony D. Gulluni
October 21, 2020
Page 4

      e.      Disclosures that could interfere with ongoing criminal investigations or prosecutions, or reveal investigative or intelligence gathering and dissemination techniques, the effectiveness of which would thereby be impaired.

First, the documents sought are subject to the work product privilege because they reflect the thoughts and impressions of DOJ attorneys, paralegals, and investigators. "Work product that contains 'opinions, judgments, and thought processes of counsel' receives nearly absolute protection from discovery and must be produced only if the party seeking the work product shows an 'extraordinary justification.'" *Cavanaugh v. Wainstein*, 2007 U.S. Dist. LEXIS 40242, at *26 (D.C. Cir. June 4, 2007) (*quoting In re Sealed Case*, 676 F.2d 793, 809-10 (D.C. Cir. 1982).

Here, there is no "extraordinary justification." As prosecutors, we are sympathetic to the need you expressed in your letter "to meet my constitutional, statutory, and ethical obligations" regarding disclosure of information about police misconduct. As you note in your August 19 letter (p. 3, FN 1), however, the thoughts and impressions of USAO and DOJ employees contained in the Report do not amount to "factual findings and legal conclusions binding on, or admissible in, any court." See also Report at 2, FN 2. As such, these mental impressions are protected from disclosure.

Second, this Office has determined that the documents sought are subject to the law enforcement privilege because they would reveal investigative records compiled in connection with an open and ongoing civil investigation. Consequently, disclosure of the requested materials would reveal records compiled for investigative purposes and would interfere with these ongoing law enforcement proceedings.

2. <u>The Requested Information Belongs To The Springfield Police Department</u>

The *Touhy* Request seeks "all Springfield Police Department reports" including incident reports, investigative reports, arrest reports, and use-of-force reports. The requested documents belong to and originated with the Springfield Police Department (SPD). SPD produced these documents to the USAO pursuant to a confidentiality agreement as part of our civil pattern or practice investigation. Because these documents are available from SPD – a department with which your office likely works daily – they should not be sought from the USAO.

For these reasons, the USAO declines to disclose the information sought by the *Touhy* Request.

**<u>Final Agency Decision</u>**

After carefully considering your request, applying all of the above factors, and reviewing the relevant procedural and substantive law, I have determined that your requests are improper under the applicable substantive and procedural requirements. Therefore, I do not authorize the disclosure of the official information that you have requested.

4

District Attorney Anthony D. Gulluni
October 21, 2020
Page 5

The forgoing constitutes the final agency decision of the USAO in response to the *Touhy* request. You have the right to seek judicial review of this decision in the federal district court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*

If you have further questions, please do not hesitate to contact Assistant United States Attorney Jennifer A. Serafyn at (617) 748-3188, or Jennifer.Serafyn@usdoj.gov.

Sincerely,

Andrew E. Lelling
United States Attorney

cc: Jennifer A. Serafyn, AUSA

5