# EXHIBIT G



**COMMONWEALTH OF MASSACHUSETTS**
**OFFICE OF THE DISTRICT ATTORNEY**
**HAMPDEN DISTRICT**

HALL OF JUSTICE
50 STATE STREET
SPRINGFIELD, MASSACHUSETTS 01102

ANTHONY D. GULLUNI
DISTRICT ATTORNEY

SUPERIOR COURT
TEL: 413-747-1000
FAX: 413-781-4745

SPRINGFIELD DISTRICT COURT
TEL: 413-747-1001
FAX: 413-747-5628

December 2, 2020

Commissioner Cheryl Clapprood
Springfield Police Department
130 Pearl Street
Springfield, Massachusetts 01105

**RE:** *Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau,* **Department of Justice Report, dated July 8, 2020**

Dear Commissioner Clapprood:

By letters, dated August 19, 2020 and September 9, 2020, I made demand, pursuant to 5 U.S.C. § 301, and the prescribed Department of Justice *Touhy*-regulations found at 28 C.F.R. § 16.21 et. seq., for the production or disclosure of "false" or "falsified" Springfield Police Department reports and attendant photographs or video/digital images generally categorized in the publicly released Department of Justice Report, dated July 8, 2020, entitled *Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau* ("Report"), co-authored by the United States Department of Justice's Civil Rights Division and the United States Attorney's Office for the District of Massachusetts. I sought disclosure of any responsive records or papers to assist me in the exercise of my constitutional, statutory, and ethical obligations to the citizens of Hampden County, including charged individuals in pending and post-conviction criminal matters in the courts of the Commonwealth.

On October 29, 2020, the Department of Justice, through the United States Attorney for the District of Massachusetts, Andrew E. Lelling, declined to disclose any documents to my office. United States Attorney Lelling's letter stated that the requested information "belong[ed] to and originate[d] with the Springfield Police Department (SPD). SPD produced these documents to the USAO pursuant to a confidentiality agreement as part of our civil pattern or practice investigation. Because these documents are available from SPD – a department with which your office likely works daily – they should not be sought from the USAO".

As you know, as district attorney, I am sworn to uphold the state and federal constitutions, and I am required to disclose material, exculpatory evidence in my custody or control, to a defendant, even without a request from the defendant. *Committee for Pub. Counsel Servs. v. Attorney Gen.*, 480 Mass. 700, 731 (2018); *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Commonwealth v. Ayala*, 481 Mass. 46, 56 (2018). See *Commonwealth v.*

1

*Bing Sial Liang*, 434 Mass. at 134-135, citing *United States v. Agurs*, 427 U.S. 97, 106-108 (1976) (prosecutors' duty to disclose exculpatory evidence not limited to cases where there is a request for such evidence); *Commonwealth v. Beal*, 429 Mass. 530, 531 (1999) (prosecutors' duty to disclose extends to information in their possession or in possession of persons subject to their control).See also Mass. R. Crim. P. 14, as appearing in 442 Mass. 1518 (2016). In addition, ethical obligations "may require a prosecutor to undertake some procedural and remedial measures as a matter of obligation," in the exercise of his discovery obligations. Mass. R. Prof. C. 3.8, Special Responsibilities of a Prosecutor, 3.8 (d), (g), (i), and (j) and Comment 1.

The Executive Summary of the July 8, 2020 Report of the *Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau*, Report at 3, states that investigators jointly from the Department of Justice's Special Litigation Section of the Civil Rights Division and the United States Attorney's Office for the District of Massachusetts, conducted a comprehensive review of 114,000 pages of Springfield Police Department documents, including an unspecified number of "incident reports" and "investigative reports". Notably, Report at 9, the Report states that investigators sought and received 1,700 prisoner injury files, 26,000 arrest reports and over 700 use-of-force-reports created from 2013 through 2019. More specifically, Report at 9, the Report states that investigators reviewed 5,500 arrest reports and 10 use-of-force reports from the Springfield Police Department's Narcotics Bureau from 2013-2018. Found by investigators, Report at 2, were "examples where Narcotics Bureau officers falsified reports to disguise or hide their use of force[;]" and Report at 16, "…a pattern or practice … [where] officers made false reports that were inconsistent with other available evidence, including video and photographs…" This information is deemed to have contributed to the investigators' conclusion, Report at 2, that "there is reasonable cause to believe that Narcotics Bureau officers engage in a pattern or practice of excessive force in violation of the Fourth Amendment of the United States Constitution."[1]

My office did not conduct or participate in the investigation with the Department of Justice's Specialized Litigation Unit of the Civil Rights Division or the United States Attorney for the District of Massachusetts, and therefore, does not have knowing custody or control of the Springfield Police Department officers' reports deemed false or falsified. The Report's investigation spanned twenty-seven months from its initiation to the release of its findings. The SPD's production or disclosure of "false" or "falsified" Springfield Police Department reports and attendant photographs or video/digital images originating are necessary to meet the constitutional, statutory, and ethical obligations of my office.

Thus, I request from you, the following:

(1) A copy of all Springfield Police Department reports, including incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a

---

[1] While I recognize that the authors of the Report note that investigators did not serve "as a tribunal to make factual findings and legal conclusions binding on, or admissible in, any court" see Report at 2, n.2, the reported findings of unconstitutional law enforcement conduct, as described in the twenty-eight page Report, suggest the documents supporting these findings may contain potentially exculpatory material as that term is legally understood, and is subject to my mandatory review to effectively meet the constitutional, statutory, and ethical obligations of my office.

"prisoner injury file" (as described in the Report, at 7), where Narcotics Bureau officers "falsified reports to disguise or hide their use of force";

(2) A copy of all Springfield Police Department reports, including incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a "prisoner injury file" (as described in the Report, at 7), "...[where] officers made false reports that were inconsistent with other available evidence, including video and photographs...", and;

(3) A copy of all photographs, or video/digital material that is inconsistent with any Springfield Police Department officers' reports, including incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a "prisoner injury file" (as described in the Report, at 7).

My request for these documents "reflects...the need for prosecutors to learn of potential impeachment information regarding all the investigating agents and employees participating in the cases they prosecute, so that they may consider whether the information should be disclosed to defense counsel under the *Brady* and *Giglio* line of cases." *In the Matter of a Grand Jury Proceeding*, 485 Mass. 641, 660 (2020). If possible, I respectfully request production of the "false" or "falsified" reports as described above as soon as possible or by December 22, 2020.

There is no other reasonable means available to my office to obtain the production or disclosure of the "false" or "falsified" Springfield Police Department reports and attendant photographs or video/digital images, as cited in the July 8th Report. Should you not be able to fulfill my request, please notify me immediately.


Sincerely,

*Anthony Gulluni*

Anthony D. Gulluni
District Attorney
Hampden District


cc: Edward Pikula, City Solicitor

3