# EXHIBIT H

**Edward M. Pikula**
*City Solicitor*
Law Department
36 Court Street, Room 210
Springfield, MA 01103
Office: (413) 787-6085
Direct Dial: (413) 787-6098
Fax: (413) 787-6173
Email: epikula@springfieldcityhall.com




**THE CITY OF SPRINGFIELD, MASSACHUSETTS**

December 10, 2020

Anthony D. Gulluni
District Attorney
Hampden District
50 Court Street
Springfield, MA 01102

**RE:** *Letter Request for Documents relating to July 8, 2020 DOJ Report on Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau*

Dear District Attorney Gulluni:

This office represents the City of Springfield, its Police Department, and Police Officials in their official capacity. This letter is in response to your letter addressed to Commissioner Cheryl Clapprood dated December 2, 2020 and received by the Law Department on December 7, 2020.

In that letter, you reference the prosecutorial obligations to provide exculpatory information under state and federal laws and constitutional provisions as described in case law including *Brady v. Maryland,* 373 U.S. 83, 87 (1963). In furtherance of your stated purpose regarding your office's efforts to meet its *Brady* obligations, you requested the Police Commissioner produce the following documents relating to the July 8, 2020 Report of the *Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau* (hereafter, the "Report"):

> (1) A copy of all Springfield Police Department reports, including incident reports, investigative reports, arrest reports, use-of-force repolts, or contents of a "prisoner injury file" (as described in the Report, at 7), where Narcotics Bureau officers "falsified reports to disguise or hide their use of force";
>
> (2) A copy of all Springfield Police Department reports, including incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a "prisoner injury file" (as described in the Report, at 7), "... [where] officers made false reports that were inconsistent with other available evidence, including video and photographs...", and;

1

   (3) A copy of all photographs, or video/digital material that is inconsistent with any Springfield Police Department officers' reports, including incident reports, investigative reports, arrest reports, use-of-force reports, or contents of a "prisoner injury file" (as described in the Report, at 7).

As you note in your letter, the Report was based, in part, on the full cooperation by the City of Springfield and its Police Department in supplying voluminous documents to the Department of Justice. The production to the Department of Justice included 114,000 pages of Springfield Police Department documents, including an unspecified number of "incident reports" and "investigative reports"; 1,700 prisoner injury files, 26,000 arrest reports and over 700 use-of-force- reports created from 2013 through 2019. The Report states that investigators reviewed 5,500 arrest reports and 10 use-of-force reports from the Springfield Police Department's Narcotics Bureau from 2013-2018.

The Springfield Police Department will continue to comply with all of its obligations under State and Federal law to assure evidence that is "material," for *Brady* purposes in possession of the Police Department will always be disclosed to the prosecutors handling criminal proceedings where a Springfield Police Officer is involved as a witness.

Towards that end, as stated in the Report, the Department of Justice does not serve as a tribunal authorized to make factual findings and legal conclusions binding on, or admissible in, any court and nothing in the Report should be construed as such. Accordingly, the Department of Justice stated that this Report is not intended to be admissible evidence and does not create any legal rights or obligations.

Further, the City of Springfield has not been provided any information from the Department of Justice specifying any identifying information as to the case numbers, names of specific officers, or names of specific individual criminal defendants described in the Report.

As I am sure you are aware, shortly after receipt of the Report, the Police Commissioner assigned personnel to review the incidents described in the Report in an effort to identify the specific dates of incidents, police officers that could be identified, as well as individuals who are referenced in the Report. While some descriptions make rather obvious reference to known cases widely reported in the media involving case information previously disclosed to your office, for example, references to an incident relating to juveniles arrested in Palmer, or an incident occurring near the Nathan Bills Restaurant. Some incidents described in the Report the Police Department believe it has been able to identify with a reasonable degree of certainty. However, there remain a number of matters referenced which could not be fully identified with certainty and the effort to do so is ongoing.

Moreover, the Police Department review revealed a number of statements contained in the Report which the Police Commissioner believes are not accurate. However, while the Police Commissioner disagrees or disputes some of the statements and findings contained in the Report, she has repeatedly stated that she acknowledges the need for reforms in the Department and, with the full support of Mayor Sarno, she has initiated efforts to make changes based on the recommendations set forth in the Report and is committed to implement reforms within the entire Springfield Police Department. The Police Department, with the assistance of former SJC Chief Justice Roderick Ireland, Mayor Sarno, and the Law

Department, continues to cooperate with the Department of Justice in efforts to implement recommendations for reform. I am informed that, since receipt of the Report in July and changes implemented to date, the Police Department has not received any citizen complaints alleging excessive force by the Narcotics Unit.

All of the materials supplied to the Department of Justice are available for review by your office in a reasonable format and on a reasonable schedule in a phased production, similar to the process followed with the Department of Justice. As you know, ultimately, the determination of whether information is exculpatory, or possibly exculpatory, deals with an inevitably imprecise standard, and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, we will arrange to provide you all of the information provided to the Department of Justice. I believe it may be most productive for members of the Police Department to meet with prosecutors from your office to review specific materials referenced in the Report that we have been able to identify in the ongoing efforts to review each of the specific incidents described in the Report rather than a wholesale provision of voluminous materials as previously described categorized under each of the numbered requests in your letter.

Please provide me with the name and contact information of a representative of your office so that arrangements can be made with the Police Department to discuss and identify the most efficient means of reviewing and producing any of the documents the Police Department previously supplied to the Department of Justice in order to assure compliance with *Brady* obligations. In the meantime please feel free to contact me at 413-787-6085 to discuss in more detail.

Very truly yours,

Edward M. Pikula, City Solicitor.

EMP:sal

Enclosure

3