# EXHIBIT I



COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE DISTRICT ATTORNEY
HAMPDEN DISTRICT

HALL OF JUSTICE
50 STATE STREET
SPRINGFIELD, MASSACHUSETTS 01102

SUPERIOR COURT
TEL: 413-747-1000
FAX: 413-781-4745

SPRINGFIELD DISTRICT COURT
TEL: 413-747-1001
FAX: 413-747-5628

ANTHONY D. GULLUNI
DISTRICT ATTORNEY

March 11, 2021

Edward M. Pikula, Esq.
City Solicitor
City of Springfield
36 Court Street, Room 210
Springfield, Massachusetts 01103
Via e-mail: epikula@springfieldcityhall.com

**RE: Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau, Department of Justice Report, dated July 8, 2020**

Dear Attorney Pikula:

      Thank you for your response to my letter of December 2nd. As you know, I sought disclosure of specific documents identified in the Department of Justice Report ("Report") as "false" or "falsified" to assist me in the exercise of my constitutional, statutory, and ethical obligations to the citizens of Hampden County, including charged individuals in pending and post-conviction criminal matters in the courts of the Commonwealth. That duty is ongoing, and remains a priority for me and the assistant district attorneys in my office who prosecute those arrested by members of the Springfield Police Department ("SPD").

      I requested these "false" or "falsified" documents from the Department of Justice ("DOJ") on multiple occasions but their refusal to produce them is, in part, based on the fact that the DOJ claims the documents are in the possession of the SPD. Your letter stated, "the City of Springfield has not been provided any information from the Department of Justice specifying any identifying information as to the case numbers, names of specific officers, or names of specific individual criminal defendants described in the Report." With this apparent contradiction, I am left only to conclude that the SPD is not in *knowing* possession, custody, or control of any specific information related to my December 2nd request for documents. As the City of Springfield continues to work with the DOJ to rectify the issues highlighted in the Report, please immediately provide any materials to my office that are received or determined to be responsive to my December 2nd request. I, too, will continue to seek these materials through separate administrative or court alternatives available to me.

      Your letter also stated that after receipt of the Report, the SPD assigned personnel to review the incidents described in the Report in an effort to identify the specific dates of incidents and involved police officers referenced in the Report. Therefore, I request copies of any specific materials referenced in the Report as "false" or "falsified" that the SPD has been able to identify with a reasonable degree of certainty. I request the production of these materials to ensure complete compliance, notwithstanding whether any one of these documents relates to case

information previously provided to my office in what you reference as "known cases widely reported in the media".

As District Attorney and chief law enforcement officer for Hampden County, my primary obligation is to pursue the ends of justice with wide discretion in determining whether to prosecute an individual, *Commonwealth v. Ware*, 482 Mass. 717, 730 (2019), and "with due regard to the constitutional and other rights of the defendant." *Smith v. Commonwealth*, 331 Mass. 585, 591 (1954), citing *Berger v. United States*, 295 U.S. 78, 88-89 (1935). This obligation, however, does not direct or allow me, or any other district attorney for that matter, to recreate a civil investigation that was conducted by another law enforcement agency through the authority of specific federal law. Accordingly, the purpose, scope, and timing of the DOJ investigation, which was conducted by and through a federal statutory mandate, cannot, legally or practically, be replicated by my office.

As you are unable to provide me with the specific SPD materials determined to be "false" or "falsified" by the DOJ, I accept your offer to meet with SPD officials in order to review the material provided to the DOJ by the SPD. I am aware that these materials amount to tens of thousands of pages of SPD documents that span six years. But I believe it is important that I assign members of my office to review these materials through a non-investigatory, prosecutorial lens of *Brady* and *Giglio*, see *In the Matter of a Grand Jury Proceeding*, 485 Mass. 641, 647 (2020), to meet our constitutional, statutory, and ethical obligations while we continue to seek from the DOJ those materials they identified as "false" or "falsified".

I have designated First Assistant District Attorney Jennifer N. Fitzgerald as my office's contact to coordinate the procedural logistics of our efforts going forward. Thank you for your continued cooperation in this matter.

Sincerely,

*[signature]*

Anthony D. Gulluni
Hampden District Attorney

2