UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY D. GULLUNI, | ) | |
| District Attorney for the Hampden | ) | |
| County in the Commonwealth of | ) | |
| Massachusetts, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-30058-MGM |
| | ) | |
| NATHANIEL R. MENDELL, | ) | |
| Acting United States Attorney for | ) | |
| the District of Massachusetts, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, hereby responds to Plaintiff's Complaint ("Complaint") as follows:

## INTRODUCTION[1]

Prior to the numbered paragraphs of the Complaint, Plaintiff includes a paragraph summarizing and characterizing his Complaint. The Complaint speaks for itself and therefore no response is required. To the extent a further response is required, Defendant denies the allegations to the extent that they are inconsistent with the Complaint.

---

[1]   The Complaint does not include any heading prior to the first unnumbered paragraph. The "Introduction" heading is included herein only for clarity purposes. Each of the remaining headings contained herein are those used by the Plaintiff in his Complaint.

## I.  PARTIES

1.      Defendant admits that Plaintiff Anthony Gulluni is the District Attorney for Hampden County in the Commonwealth of Massachusetts. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is "sworn." Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of Paragraph 1. The third sentence of Paragraph 1 consists of a legal conclusion to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in the fourth sentence of Paragraph 1. The fifth sentence of Paragraph 1 consists of a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 1.

2.      Defendant admits the allegations contained in the first sentence of Paragraph 2. Defendant further admits that the United States Attorney's Office for the District of Massachusetts is part of the United States Department of Justice but denies that it is a "governmental agency" thereof.  The United States admits the allegations contained in the third, fourth and fifth sentences of Paragraph 2. The sixth sentence of Paragraph 2 consists of a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 2.

## II.  JURISDICTION

3.      Paragraph 3 summarizes and characterizes Plaintiff's claim in his

Complaint. The Complaint speaks for itself and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 3.

4.      Paragraph 4 contains statements of law or jurisdiction and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 4.

### III.  VENUE

5.      The first clause of Paragraph 5 contains a statement of law regarding venue and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations in the first clause of Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief as Plaintiff's principal residence. Defendant admits that Springfield, Massachusetts is in Hampden County, which is geographically located in the Western Division of the District of Massachusetts. The remainder of Paragraph 5 summarizes and characterizes Plaintiff's claim in his Complaint. The Complaint speaks for itself and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 5.

### IV.  FACTUAL ALLEGATIONS[2]

1.      Defendant admits that Plaintiff Anthony Gulluni is the District Attorney for Hampden County in the Commonwealth of Massachusetts. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is

---

[2]      The numbered paragraphs in the Complaint restart at one in the section headed "Factual Allegations."

3

"sworn." The second sentence of Paragraph 1 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 1.

2. Paragraph 2 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 2.

3. Paragraph 3 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained Paragraph 4. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 4.

5. The first sentence of Paragraph 5 purports to summarize information contained on website operated by the Commonwealth of Massachusetts. The website speaks for itself and no further response is required. Defendant refers the Court to the referenced website for its complete and accurate contents. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of Paragraph 5. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 5.

6. Paragraph 6 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 6.

7.     Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a member of the Massachusetts Bar. The remainder of Paragraph 7 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 7.

8.     Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a member of the Massachusetts Bar. The remainder of Paragraph 8 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 8.

9.     Paragraph 9 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 9.

10.     Paragraph 10 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to whether HDA's Assistant District Attorneys are members of the Massachusetts Bar. The remainder of Paragraph 11 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 11.

12.     Defendant lacks knowledge or information sufficient to form a belief

as to whether HDA's Assistant District Attorneys are members of the Massachusetts Bar. The remainder of Paragraph 13 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 13.

13.     Paragraph 13 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 13.

14.     Paragraph 14 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 14.

15.     Admitted.

16.     Paragraph 16 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the materials provided to HDA assistant district attorneys. The remainder of Paragraph 17 contains statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 18.

19.     Defendant admits that the Department of Justice released a twenty-eight-page report co-authored by the United States Attorney's Office for the District of Massachusetts and the Department of Justice's Civil Rights Division titled "Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau." Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 19 purports to summarize to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 19 to the extent that they are inconsistent with the Report.

20.     Defendant denies the allegation contained in the first sentence of Paragraph 20 that the report was released twenty-eight months after the initiation of the investigation. The remainder of the first sentence of Paragraph 20, and the entire second sentence of the paragraph, purport to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies those allegations to the extent that they are inconsistent with the Report.

21.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 21 purports to summarize to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 21 to the extent that they

are inconsistent with the Report.

22.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 22 purports to summarize to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 22 to the extent that they are inconsistent with the Report.

23.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Paragraph 23 purports to summarize to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 23 to the extent that they are inconsistent with the Report.

24.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 24 purports to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 24 to the extent that they are inconsistent with the Report.

25.     Paragraph 25 purports to summarize to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 25

to the extent that they are inconsistent with the Report.

26.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Paragraph 26 purports to summarize to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 26 to the extent that they are inconsistent with the Report.

27.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Defendant further denies that the investigation conducted by the U.S. Attorney's Office for the District of Massachusetts and Department of Justice's Civil Rights Division of the SPD's Narcotics Bureau lasted twenty-eight months. Defendant denies that the HDA was not informed of the investigation prior to the release of the Report. Defendant admits the remainder of the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 28 to the extent that they are inconsistent with the Report.

29.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Defendant further denies that the U.S. Attorney's Office for the District of Massachusetts has a "Civil Rights

Division." Defendant admits the remainder of the allegations contained in Paragraph 29.

30.    Admitted.

31.    Admitted.

32.    Defendant admits that First ADA Fitzgerald left a voice message for AUSA Cummings concerning the status of the HDA's July 20th request for the SPD's officers' false or falsified reports. Defendant lacks knowledge or information sufficient to form a belief as to whether First ADA Fitzgerald left the voicemail on July 28, 2020.  To the extent a further response is required, Defendant denies that First ADA Fitzgerald left a voicemail on July 28, 2020.

33.    Defendant admits that AUSA Cummings sent First ADA Fitzgerald an email between July 20, 2020 and August 6, 2020, stating that the request for the SPD's false or falsified reports was still under consideration. Defendant lacks knowledge or information sufficient to form a belief as to whether AUSA Cummings sent the email on July 28, 2020.  To the extent a further response is required, Defendant denies that AUSA Cummings sent ADA Fitzgerald an email on July 28, 2020.

34.    Defendant denies that Jude Volek is an Assistant United States Attorney but admits that he is an attorney with the United States Department of Justice's Civil Rights Division. Defendant admits the remainder of the allegations contained in Paragraph 34.

35.    Defendant denies that Attorney Volek is an Assistant United States

Attorney but admits the remainder of the allegations contained in Paragraph 35.

36.    Admitted.

37.    Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Defendant further denies that Attorney Volek is an Assistant United States Attorney and that the Department of Justice has a "Professional Responsibility Administrative Office." Defendant admits that during an August 6th telephone conversation, AUSA Cummings and Attorney Volek collectively advised First ADA Fitzgerald that after discussion with members of the Department of Justice's Professional Responsibility Advisory Office and Civil Rights Division, the United States Attorney's Office for the District of Massachusetts would not provide the Hampden County District Attorney's Office with copies of any Springfield Police Department reports. Defendant denies that the Department of Justice concluded it would withhold the SPD's false or falsified reports from the Hampden County District Attorney's Office.

38.    Defendant denies that Attorney Volek is an Assistant United States Attorney. Defendant admits that AUSA Cummings and Attorney Volek informed First ADA Fitzgerald that the U.S. Attorney's Office for the District of Massachusetts was not producing the "false" or "falsified" reports because: (1) the requested reports were confidential and (2) available from the SPD. Defendant denies the remainder of the allegations contained in Paragraph 38.

39.    Defendant denies that Attorney Volek is an Assistant United States

Attorney. Defendant admits that during an August 6th telephone conversation First ADA Fitzgerald told AUSA Cummings and Attorney Volek that the Hampden County District Attorney was seeking to identify SPD officers' false or falsified reports as detailed in the Report. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 39. To the extent a further response is required, Defendant denies those allegations.

40.     Defendant denies that Attorney Volek is an Assistant United States Attorney. Defendant admits the remainder of the allegations contained in Paragraph 40.

41.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Defendant further denies that Attorney Volek is an Assistant United States Attorney. Defendant admits the allegation contained in the first sentence of Paragraph 41 that when questioned by Hampden County First ADA Fitzgerald about the statement that the reports could be requested from the Springfield Police Department, AUSA Cummings and Attorney Volek acknowledged that SPD was not told specifically which reports of those provided to the U.S. Attorney's Office and the Department of Justice's Civil Rights Division's investigators during the investigation were false or falsified. The remainder of the first sentence of Paragraph 41 purports to summarize the Report, which speaks for itself, and therefore no response is required. To the extent a further response is required, Defendant denies those allegations to the extent that

12

they are inconsistent with the Report. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of Paragraph 41. To the extent a further response is required, Defendant denies the allegations contained in the second sentence of Paragraph 41.

42. Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of the first sentence of Paragraph 42 purports to summarize an August 19, 2020 letter to Andrew E. Lelling, the then-United States Attorney for the District of Massachusetts, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 42 to the extent that they are inconsistent with that letter.

43. Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of the first sentence of Paragraph 43 purports to summarize to summarize an August 19, 2020 letter to Eric S. Dreiband, the then-United States Assistant Attorney General of the Department of Justice's Civil Rights Division, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 43 to the extent that they are inconsistent with that letter.

44.     Defendant admits that on August 20, 2020, the U.S. Attorney's Office for the District of Massachusetts received a letter from Plaintiff, dated August 19, 2020, which was addressed to then-United States Attorney Andrew Lelling. Defendant lacks knowledge or information sufficient to form a belief as to how the letter was sent or the time of receipt. To the extent a further response is required, Defendant denies those allegations.

45.     Defendant admits that on August 20, 2020, the Department of Justice received via FedEx a letter from Plaintiff, dated August 19, 2020, which was addressed to then-AAG Dreiband. Defendant lacks knowledge or information sufficient to form a belief as to the time of receipt. To the extent a further response is required, Defendant denies the allegation regarding the time the letter was received by the Department of Justice.

46.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of the first sentence of Paragraph 46 purports to summarize to letters sent by Plaintiff, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letters for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 46 to the extent that they are inconsistent with those letters.

47.     Paragraph 47 purports to summarize to letters sent by Plaintiff, which are attached to the Complaint. Therefore, no further response is required,

and Defendant refers the Court to the letters for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 47 to the extent that they are inconsistent with those letters.

48.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 48, including subparts (a) through (c), purports to summarize to letters sent by Plaintiff, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letters for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 48 to the extent that they are inconsistent with those letters.

49.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Defendant admits that then-United States Attorney Lelling did not provide a response to Plaintiff's August 19, 2020 letter on or prior to September 14, 2020. The remainder of Paragraph 49 purports to summarize Plaintiff's August 19 letter to then-U.S. Attorney Lelling and the Report, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter and Report for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 49 to the extent that they are inconsistent with the letter and Report.

50.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. Defendant further admits that then-AAG Dreiband did not provide a response to Plaintiff's August 19, 2020 letter on or prior to September 14, 2020. The remainder of Paragraph 50 purports to summarize to Plaintiff's August 19, 2020 letter to then-AAG Dreiband and the Report, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter and Report for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 50 to the extent that they are inconsistent with the letter and Report.

51.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 51 purports to summarize a letter sent by Plaintiff, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 51 to the extent that they are inconsistent with the letter.

52.     Paragraph 52 purports to summarize a letter sent by Plaintiff, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 52 to the extent that they are inconsistent with the letter.

53.     Defendant admits that on September 15, 2020, the U.S. Attorney's Office for the District of Massachusetts received a letter from Plaintiff, dated September 14, 2020, which was addressed to then-United States Attorney Andrew Lelling. Defendant lacks knowledge or information sufficient to form a belief as to how the letter was sent or the time of receipt. To the extent a further response is required, Defendant denies those allegations.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54. To the extent a further response is required, Defendant denies the allegations.

55.     Defendant denies that the U.S. Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 55 purports to summarize letters sent by Plaintiff and the Report, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letters and Report for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 55 to the extent that they are inconsistent with the letters and Report.

56.     Paragraph 56 purports to summarize letters sent by Plaintiff, which are attached to the Complaint, and published Department of Justice policies. Therefore, no further response is required, and Defendant refers the Court to the letters and those policies for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in

Paragraph 56 to the extent that they are inconsistent with the letter and policies.

57.     Defendant admits that on October 29, 2020, the United States Attorney's Office for the District of Massachusetts emailed Plaintiff a copy of a letter dated October 21, 2020. Defendant denies that then-United States Attorney Lelling personally served the letter. Defendant further denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 57 purports to summarize the letter sent by then-United States Attorney Lelling, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 57 to the extent that they are inconsistent with the letter.

58.     Paragraph 58 purports to summarize the letter sent by then-United States Attorney Lelling, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 58 to the extent that they are inconsistent with the letter.

59.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 59 purports to summarize the letters sent and received by Plaintiff, as well as the Report of the United States Attorney's Office and Department of

Justice's Civil Rights Division, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the documents for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 59 to the extent that they are inconsistent with the letters and Report.

60.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 60 purports to summarize then-United States Attorney Lelling's letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 60 to the extent that they are inconsistent with the letter.

61.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 61 purports to summarize then-United States Attorney Lelling's letter and Plaintiff's letters dated August 19, 2020, and September 14, 2020, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letters for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 60 to the extent that they are inconsistent with the letter.

62.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of

Paragraph 62 purports to summarize then-United States Attorney Lelling's letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 62 to the extent that they are inconsistent with the letter.

63.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 63 purports to summarize then-United States Attorney Lelling's letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 63 to the extent that they are inconsistent with the letter.

64.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 64 consists of a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 64.

65.     Paragraph 65 consists of a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 65.

66.     Paragraph 66 purports to summarize Plaintiff's September 14, 2020 letter, which is attached to the Complaint. Therefore, no further response is

required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 66 to the extent that they are inconsistent with the letter.

67.     Paragraph 67 purports to summarize Plaintiff's September 14, 2020 letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 67 to the extent that they are inconsistent with the letter.

68.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 68 purports to summarize a letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 68 to the extent that they are inconsistent with the letter.

69.     Paragraph 69 purports to summarize a letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 69 to the extent that they are inconsistent with the letter.

70.     Paragraph 70 purports to summarize a letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 70 to the extent that they are inconsistent with the letter.

71.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 71 purports to summarize a letter and Department of Justice Report, which are attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter and Report for their complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 71 to the extent that they are inconsistent with the letter and Report.

72.     Paragraph 72 purports to summarize a letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 72 to the extent that they are inconsistent with the letter and Report.

73.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 73 purports to summarize a letter, which is attached to the Complaint. Therefore, no further response is required, and Defendant refers the Court to the

letter for its complete and accurate contents. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 73 to the extent that they are inconsistent with the letter.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Complaint. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 74.

## COUNT # 1

### VIOLATIONS OF THE ADMINISTRATIVE
### PROCEDURE ACT5 U.S.C. §§ 701-706

75.     The United States reiterates and incorporates by reference its responses to paragraphs 1 through 74 of the Complaint above, as though fully set forth herein.

76.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 76 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 76.

77.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 77 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 77.

78.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 78 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 78.

79.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 79 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 79.

80.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 80 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 80.

81.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 81 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 81.

82.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of

Paragraph 82 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 82.

83.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 83 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 83.

84.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 84 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 84.

85.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 85 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 85.

86.     Defendant denies that the United States Attorney's Office for the District of Massachusetts is a named defendant in this matter. The remainder of Paragraph 86 consists of statements of law and not averments of fact requiring a response. To the extent a further response is required, Defendant denies the

allegations contained in Paragraph 86.

## V.  **RELIEF**

The section of the Complaint titled "Relief," including subparts (c) through (c), contains Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, the allegations are denied. Plaintiff is not entitled to the requested relief or any other relief.

## VI.  **CERTIFICATION**

The section of the Complaint titled "Certification" contains Plaintiffs' Rule 11 certification to which no response is required.  To the extent a response is required, the allegations are denied.

\*      \*      \*

The United States denies each and every allegation not previously admitted, denied, or otherwise qualified

## **AFFIRMATIVE DEFENSES**

By way of further response, Defendant sets forth the following separate affirmative defenses without assuming the burden of proof that would otherwise rest with Plaintiffs:

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  Former United States Attorney Andrew Lelling's denial of Plaintiff's Touhy request was not arbitrary, capricious, an abuse of discretion, not in accordance with law, or contrary to Plaintiff's constitutional rights.

Defendant expressly reserve the right to rely upon other affirmative defenses that

may become available during discovery in this case.

## **REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

1.     Dismiss the Complaint with prejudice and enter judgment for the Defendant;

2.     Award the Defendant his costs and reasonable attorneys' fees; and

3.     Grant such further relief that the Court deems appropriate and just.

Respectfully submitted,

NATHANIEL R. MENDELL
ACTING UNITED STATES ATTORNEY

By his attorney,

*/s/ Christopher Morgan*
Christopher Morgan
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
(413) 785-0269
Christopher.morgan2@usdoj.gov

Date: August 16, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: August 16, 2021                    <u>*/s/ Christopher Morgan*      </u>
                                          CHRISTOPHER MORGAN
                                          Assistant United States Attorney