UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY D. GULLUNI,<br>District Attorney for the Hampden<br>County in the Commonwealth of<br>Massachusetts,<br><br>    Plaintiff,<br><br>v.<br><br>NATHANIEL R. MENDELL,<br>Acting United States Attorney for<br>the District of Massachusetts,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 3:21-cv-30058-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, the plaintiff, Anthony D. Gulluni, hereby provides the following statement of material facts, to which there is no issue, in support of his motion for summary judgment.

1. The plaintiff, Anthony D. Gulluni, is the duly elected and sworn District Attorney for Hampden County in the Commonwealth of Massachusetts. *See* Appendix Exhibit 1 (Affidavit of Jennifer N. Fitzgerald) at ¶ 1.

2. For approximately 27 months, the Civil Rights Division of the United States Department of Justice ("DOJ") conducted an investigation into alleged wrongdoing at the Springfield Police Department ("SPD"), particularly with respect to officers of the narcotics department. *See* Appendix Exhibit 2 (DOJ Report) at 1-2.

3. During that investigation, the DOJ reviewed more than 114,000 documents provided to it by the SPD. *See* Appendix Exhibit 2 at 3.

4. The DOJ had *direct access* to the SPD computer system so that it could conduct its document review without participation or assistance from the SPD, and without informing the SPD which documents it reviewed. *See* Appendix Exhibit 1 at ¶ 3.

5. The DOJ also interviewed more than 40 witnesses as part of its investigation. *See* Appendix Exhibit 2 at 7.

6. On July 8, 2020, the DOJ issued a report describing its investigation into the SPD. *See* Appendix Exhibit 2 at 1.

7. On August 19, 2020, plaintiff submitted a request to the United States pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy* Request") for false or falsified reports authored by SPD officers. *See* Appendix Exhibit 3 (Administrative Record) at 21-25.

8. The plaintiff submitted a follow-up letter regarding the request on September 14, 2020. *See* Appendix Exhibit 3 at 7-9.

9. The plaintiff's *Touhy* Request complied with the procedural requirements of 28 C.F.R. §16.22 et seq. *See* Appendix Exhibit 3 at 2.

10. On October 21, 2020, the United States denied the request, refusing to produce any documents in response to the request. *See* Exhibit 3 at 1-5.

11. The October 21, 2020, letter constituted a final decision of the DOJ. *See* Appendix Exhibit 3 at 5.

12. On his own initiative, Springfield City Solicitor Edward Pikula requested, and SPD Deputy Chief Steven Kent was directed to, review the DOJ report and attempt to identify the incidents described in the report. *See* Appendix Exhibit 1 at ¶ 4.

13. According to Solicitor Pikula, Deputy Chief Kent believes that he likely has identified approximately 16 of the 20 to 23 incidents described in the DOJ report and the 30 officers involved in those incidents. *See* Appendix Exhibit 1 at ¶ 5.

14. There remain at least four (4) incidents at least which were specifically described in the DOJ report, but Deputy Chief Kent was unable to identify. *See* Appendix Exhibit 1 at ¶ 6.

15. In addition to the still-unidentified incidents specifically described in the DOJ report, there are numerous more general criticisms and allegations of misconduct by the SPD that are unsupported by any identifying details. *See* Appendix Exhibit 1 at ¶ 7.

16. Based on Deputy Chief Kent's identification of certain incidents and officers, the plaintiff has begun the process of disclosing the SPD reports associated with those incidents to defense counsel in all cases where those officers are mentioned in the reports. *See* Appendix Exhibit 1 at ¶ 8.

17. There are approximately 8419 cases in which disclosure has been or will be made of the exculpatory materials identified through this process. *See* Appendix Exhibit 1 at ¶ 9.

18. The process of making disclosures to counsel for these was begun in September 2021 and is expected to continue through approximately March/April 2022. *See* Appendix Exhibit 1 at ¶ 10.

19. Two individual defendants, two defense attorneys, the Massachusetts Committee for Public Counsel Services, and the Hampden County Lawyers for Justice, represented by American Civil Liberties Union, have filed an original petition in the Supreme Judicial Court against the Hampden County District Attorney, accusing the

HCDAO of systematically withholding exculpatory evidence about misconduct by the SPD, and seeking an order that HCDAO conduct an investigation into the misconduct as reported by the DOJ, as well as various other procedural and substantive remedies for alleged Brady violations.  *See* Appendix Exhibit 1 at ¶ 11.

20. According to Solicitor Pikula, the DOJ and the Springfield Police Department have been engaged in discussions regarding a consent decree and are nearly complete.  *See* Appendix Exhibit 1 at ¶ 12.

        Respectfully submitted,

        ANTHONY D. GULLUNI,
        District Attorney for the Hampden
        County in the Commonwealth of
        Massachusetts,

        By his attorneys,

By:   s/Elizabeth N. Mulvey
        Elizabeth N. Mulvey, Esq.
        BBO No. 542091
        Crowe and Mulvey, LLP
        77 Franklin Street, Third Floor
        Boston, MA 02110
        (617) 426-4488
        emulvey@croweandmulvey.com

        Thomas M. Hoopes
        BBO No. 239340
        Libby Hoopes Brooks, P.C.
        399 Boylston Street
        Boston, MA 02116
        (617) 338-9300
        thoopes@lhblaw.com

Dated: January 31, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 31, 2022             /s/ Thomas M. Hoopes
                                                 Thomas M. Hoopes, Esq.